**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lucy Carmona ROZUK, Defendant—**
**Appellant.**

No. 05–50526.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2006.*

Filed March 2, 2006.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. *See*

Becky S. Walker, Esq., Tyson Walch, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM [**]

Lucy Carmona Rozuk ("Rozuk") challenges the district court's denial of her motion to suppress evidence seized from her purse during a stop in which the driver was arrested for driving a stolen car in which Rozuk was a passenger. We affirm.

First, the search of the purse was permissible under *New York v. Belton*,[1] which permits an officer who has made a lawful arrest to search the passenger compartment of the vehicle and allows that "the police may also examine the contents of any containers found within the passenger compartment."[2] There is no doubt that the officer's stop and arrest of Rozuk's male companion was legitimate, because he was driving a car that was reported stolen. The fact that Rozuk did not take her purse out of the car when ordered to exit the vehicle is irrelevant; the officers could have believed that the purse

Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

2. *Id.* at 460.

held such evidence as title to the car, keys, service records, or identity of the owner.

■ Second, even if *Belton* were insufficient, such a search is appropriate under *Wyoming v. Houghton.*[3] *Houghton* holds that "police officers with probable cause to search a car may inspect the passengers' belongings found in the car that are capable of concealing the object of the search."[4] Here, there was probable cause to search the car for evidence concerning the theft of the car. Rozuk's purse was in the car and, as noted, could have contained evidence of the car theft. The search was therefore proper.

**AFFIRMED.**

---

**3.** *Wyoming v. Houghton,* 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

